**KIMBELL v. K. C. S. DRUG CO., Inc., et al.**

No. 5211.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Chris Barnette, of Shreveport, for appellant.

E. W. & P. N. Browne and Craig, Bolin, Magee & Baucum, all of Shreveport, for appellees.

TALIAFERRO, Judge.

Eugene Kimbell, age 13, while riding on a motorcycle with K. D. Pritchard, an employee and deliveryman of defendant K. C. S. Drug Company, Incorporated, was seriously injured in a collision between the motorcycle and an automobile driven by E. R. McGee on St. Vincent avenue, city of Shreveport. Mrs. Beulah Kimbell, mother of the injured boy, as his tutrix, instituted suit against the drug company and its insurer, Maryland Casualty Company, to recover damages sustained by Eugene as a result of the accident. Subsequent to trial of the case Mrs. Kimbell died. Thomas R. Kimbell was appointed tutor to the minor and judicially authorized to prosecute this suit to a conclusion.

The drug company operates a wholesale and retail drug business in the city of Shreveport. It employs several boys or young men, who must own their own motorcycles, to deliver drugs and other merchandise ordered by customers throughout the city. After several parcels of drugs had been handed to Pritchard for delivery on the night the accident occurred, he crossed to the opposite side of Texas street, where his machine was parked, and, at the request of young Kimbell, allowed him to mount it with him. The trip was then begun, which ended in the accident. Pritchard was at the time performing the duties of his employment.

The acts of negligence and carelessness charged to the drug company and its employee, Pritchard, relied upon for recovery, are: That the motorcycle, at the time of the collision, was being driven at a speed in excess of 50 miles per hour, in violation of law, over the protest of young Kimbell, made a brief time prior to the accident; and that Pitchard did not keep a proper lookout for automobiles and other traffic, and did not have the motorcycle under proper control.

It is further alleged that the drug company, through its officers, had knowledge of and consented to the practice by its deliverymen of allowing smaller boys to ride with them on their motorcycles while performing their duties, and that on many occasions prior to the accident Eugene Kimbell rode with said deliverymen to the knowledge of the drug company and its agents and officers; that they knew and consented to his making the trip with Pritchard which ended in the accident.

Both defendants deny liability of any sort to plaintiff. They aver that all of the deliverymen of the drug company were specifically instructed not to allow any one to ride with them on their motorcycles, which instructions were well known to young Kimbell; that Pritchard, by allowing the boy to ride with him, violated the instructions given him and the rules of his employer relative thereto. They deny that the accident was caused by any negligence of Pritchard; but, in the alternative, should negligence on his part be shown, in such event the contributory negligence of Kimbell in riding on said cycle, with full knowledge and appreciation of the dangers thereof, and with full knowledge that in so riding he was violating the rules of the drug company, is pleaded in bar of recovery by him.

The demands of plaintiff were rejected in the lower court. This appeal is prosecuted from that judgment.

The testimony in the case leaves no doubt that the agents and officers of the drug company gave to each of the deliverymen specific instructions not to allow any one to ride with them when performing the duties of their employment. This is admitted by the deliverymen who testified in the case. All of them say that the penalty for transgression of the rule would have been instant discharge, if known to the officers of defendant. Notwithstanding all this, it is established that frequently the rule was violated, but it is not proven, but, on the contrary, clearly disproven, that defendant or any of its officers or agents, charged with the conduct of its business affairs, knew the rule was being violated. It is shown that all the deliverymen parked their motorcycles on the premises of a filling station across the street from the drug company's place of business and were not allowed to loiter therein. They were only invited into the building when and as they were needed to make deliveries to patrons; and, after receiving parcels for delivery, they left the building and crossed the street to their vehicles, from whence the trips began. After their exit from defendant's building, they were no longer visible to or under observance by any one therein, and especially was this true at night, during which, it appears, the company's rule was most commonly breached.

Eugene Kimbell denied that he knew he was violating defendant's rule by riding with Pritchard, but would not say that any officer or agent of defendant knew he had ridden with him, or with any other deliveryman. One boy testified that, while riding with another deliveryman, they met Mr. Bauman, defendant's manager, and that he recognized them, but Bauman positively denies this, and adds that, if they had been seen by him or if their action had come to his knowledge, he would have dismissed from service the offending employee.

For plaintiff to recover, all other things being in her favor, it was necessary to establish by clear and convincing evidence that defendant knew of the violation of its rules and acquiesced therein to the extent of allowing the practice to continue without objection or serious protest. This she has not done.

This case is unlike Elbert v. Creswell Street Pharmacy, Inc. (La.App.) 161 So. 42, in that the defendant's manager knew small boys regularly rode on motorcycles operated by their employees and made no serious objection thereto. Recovery was allowed because of this knowledge.

There is no good reason for considering the other defenses urged in the case.

The judgment appealed from is correct, and is hereby affirmed, with costs.